[No. 4573.]

## J. G. JOHNSON ET AL. *v*. THE PACIFIC CEMENT COMPANY.

DISCHARGE OF JURY.—If, when a cause is on trial before a jury, the court continues the hearing to a day which carries the court into the next term, and then, before the day arrives, adjourns the court for the term, the jury is discharged, and the court cannot proceed with the hearing before the jury when the day arrives.

IDEM.—If, in such case, the court does not adjourn for the term, it may proceed with the hearing notwithstanding the close of the term.

APPEAL from the District Court, Seventh Judicial District, County of Solano.

The defendant appealed.
The other facts are stated in the opinion.

*Latimer & Morrow*, for the Appellant.

*L. B. Mizner and J. H. Dickenson*, for the Respondent.

By the COURT:

The action came on to be tried in the court below at its April term, to wit, on the 5th day of August, 1874, and a jury was then impaneled and sworn to try the cause, and the trial proceeded from day to day until Friday, August 7, 1874, when an order was entered continuing the further hearing until the following Monday, August 10. After the entry of the order the court proceeded to the transaction of some other business, and concluded by entering another order adjourning the court *sine die* for the April term, and the court did accordingly adjourn. On the following Monday, August 10, the court was opened for the regular

August term, fixed by law, and the case was proceeded with, but the defendant objected at the time "because the April term has ended and the trial of the case cannot be continued into a new term." The court overruled the objection, and the defendant excepted to the ruling of the court. The trial then proceeded and resulted in a verdict and judgment against the defendant.

"A final adjournment of the court for the term discharged the jury." (Code Civ. Pr., Sec. 617.) When, therefore, the court finally adjourned for the April term, the jury were thereby necessarily discharged. There is nothing in section 188 of the said Code, which obviates the consequences of a final adjournment in this respect. It is provided in that section that the trial of an action, which has commenced and is in progress, shall not be discontinued by the arrival of the period fixed by law for another term of the court, but that the court may proceed with the trial in like manner, and with like effect, as if another stated term had not intervened.

This section certainly does not take away the power of the court to adjourn *sine die*, nor does it alter the effect of such an adjournment, when made, as operating to discharge a jury in attendance upon the court.

There can be no doubt that under the provisions of section 188, the court below might have proceeded with the trial, although the time to commence the August term had already arrived. But the court did not choose to pursue that course. It unquestionably had the power to prolong the April term and conclude the pending trial, and so have saved to the parties the trouble and expense of trying their case anew. But instead of pursuing that course, it discharged the jury in the midst of the trial by ordering a final adjournment of the April term. While such a mistake is certainly much to be regretted, we cannot relieve the parties from its consequences.

Judgment and order denying a new trial reversed, and cause remanded for a new trial.